IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| DAWN TAYLOR, BRAD TAYLOR, | ) |
| Plaintiffs, | ) ) ) 2:20-CV-00729-CRE |
| vs. | ) ) |
| GEICO CHOICE INSURANCE COMPANY, | ) ) ) |
| Defendant, | ) ) ) |

**<u>MEMORANDUM OPINION</u>**[1]

Cynthia Reed Eddy, Chief United States Magistrate Judge.

This civil action was initiated in this court on May 20, 2020, by Plaintiffs, Dawn and Brad Taylor, against their automobile insurance company, Geico Choice Insurance Company ("Geico"). Plaintiffs assert two causes of action against Geico: Count I - breach of contract; and Count II - statutory bad faith pursuant to 42 Pa.C.S. § 8371. *See* Compl. (ECF No. 1-1). This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1332.

Presently before the court is a motion by Geico to dismiss Count II, the statutory bad faith claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 4). For the reasons that follow, Geico's motion is granted, and Plaintiffs are granted leave to file an Amended Complaint.

**I.    BACKGROUND**

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. (ECF Nos. 13-14).

On December 31, 2017, Plaintiff Brad Taylor was driving a vehicle owned by Plaintiff Dawn Taylor, who was in the front passenger seat. Compl. (ECF No. 1-1) at ¶¶ 6-7. Plaintiffs were rear-ended by a vehicle driven by Terrence D. Akrie.[2] *Id*. at ¶¶ 8, 11. Plaintiffs suffered injuries due to this accident. Specifically, Plaintiff Dawn Taylor suffered injuries to her head, neck, back, and knee. *Id*. at ¶ 20. Plaintiff Brad Taylor suffered injuries to his finger and shoulder. *Id*. at ¶ 21. According to Plaintiffs, some of these injuries are permanent in nature, and they periodically undergo treatment for these injuries. *Id*. at ¶ 22.

At the time of the accident, Akrie did not have automobile insurance. *Id*. at ¶ 9. Plaintiff Dawn Taylor was insured by a policy through Geico, and she elected and paid for coverage that was greater than Pennsylvania's required minimum coverage. *Id*. at ¶¶ 15, 16. Specifically, Plaintiff Dawn Taylor purchased and paid for Uninsured Motorist ("UM") coverage in the amount of $100,000/$300,000. *Id*. at ¶ 17.

On July 26, 2019, Plaintiffs placed Geico on notice that they intended to pursue UM coverage for this accident through Dawn Taylor's policy. *Id*. at ¶ 14. On November 1, 2019, Plaintiffs submitted to Geico a demand package, which included all relevant medical records for Plaintiffs. *Id*. at ¶ 24. Geico made an offer to Dawn Taylor for $20,000, and to Brad Taylor for $3,000, to compensate them for their injuries. *Id*. at ¶ 26. On December 19, 2019, Plaintiffs submitted to Geico Plaintiff Dawn Taylor's lost wages claim of $17,812. *Id*. at ¶ 27. On December 20, 2019, Geico increased Plaintiff Dawn Taylor's offer to $23,000. *Id*. at ¶ 28. On February 4, 2020, Geico informed Plaintiffs that it would not evaluate Plaintiff Dawn Taylor's lost wages claim. *Id*. at ¶ 29.

---

[2] Liability for the accident is not contested in this case. Compl. (ECF No. 1-1) at ¶ 11.

Plaintiffs then filed a complaint in the Court of Common Pleas of Allegheny County, alleging claims for breach of contract and statutory bad faith against Geico. (ECF No. 1-1). On May 20, 2020, Geico removed this matter to this Court, and on May 29, 2020, Geico filed the instant motion to dismiss and brief in support thereof pursuant to Fed. Rule Civ. Pro. 12(b)(6) for failure to state a claim for statutory bad faith. (ECF Nos. 4, 5). Plaintiffs filed a response thereto, and Geico and Plaintiffs filed additional replies. (ECF Nos. 8-11). This matter is now ripe for disposition.

## II.  STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d

173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need to allege detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and be "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. [] Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

### III. DISCUSSION

Geico contends that Plaintiffs' complaint fails to state a claim for statutory bad faith because it "does nothing more than recite a 'laundry list' of conclusory allegations of how an

insurance company might act in bad faith." Geico's Br. (ECF No. 5) at 4. Plaintiffs respond that based on the court's standard of review for a motion to dismiss, they have set forth adequate facts to state a claim at this juncture. *See* Pls.' Br. (ECF No. 9).

Pennsylvania's bad faith statute provides that the following.

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. § 8371. "Under Pennsylvania law, "[b]ad faith is a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured." *Wanat v. State Farm Mut., Auto. Ins. Co.*, 2014 WL 220811, at *3 (M.D. Pa. 2014). "Although the insurer's conduct need not be fraudulent, mere negligence or bad judgment is not bad faith. The insured must ultimately show that the insurer breached its duty of good faith through some motive of self-interest or ill will." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (internal citation and quotation marks omitted).

> [M]any federal district courts have recently been called upon to evaluate bad faith complaints in light of *Iqbal* and *Twombly*. Under these Supreme Court decisions, plaintiffs must plead sufficient facts to make out a plausible claim for relief against the defendant. *See Iqbal*, [556 U.S. at 678] (quoting *Twombly*, 550 U.S. at 557). In the bad faith context, district courts have required more than "conclusory" or "bare-bones" allegations that an insurance company acted in bad faith by listing a number of generalized accusations without sufficient factual support. *See e.g.*, *Liberty Ins. Corp. v. PGT Trucking, Inc.*, [] 2011 WL 2552531, at *4 (W.D. Pa. [] 2011); *Pfister v. State Farm Fire & Cas. Co.*, [] 2011 WL 3651349 (W.D. Pa. [] 2011) [].

5

> *Palmisano v. State Farm Fire & Cas. Co.*, [] 2012 WL 3595276 (W.D. Pa. [] 2012). *See Yohn v. Nationwide Ins. Co.*, [] 2013 WL 2470963 (M.D. Pa. [] 2013) (collecting cases). Thus, the assessment of the sufficiency of a particular complaint often turns on the specificity of the pleadings and calls for recital of specific factual allegations from which bad faith may be inferred in order to defeat a motion to dismiss. *Compare Sypeck v. State Farm Mut. Auto. Ins. Co.*, [] 2012 WL 2239730 (M.D. Pa. [] 2012) *with Zimmerman v. State Farm Mut. Auto. Ins. Co.*, [] 2011 WL 4840956 (M.D. Pa. [] 2011).
>
> Where a complaint's § 8371 bad faith claim simply relies upon breach of contract allegations, coupled with a conclusory assertion that the failure to pay under an insurance policy was "unreasonable" or made in bad faith, courts have dismissed such claims, but typically have afforded litigants an opportunity to further amend and articulate their bad faith claims. *See e.g., Wanat*[, *supra*]; *Cacciavillano v. Nationwide Ins. Co. of Am.*, [] 2012 WL 2154214 (M.D. Pa. [] 2012).

*Flower v. Allstate Prop. & Cas. Ins. Co.*, 2019 WL 289833, at *3 (M.D. Pa. 2019).

For example, in *Mondron v. State Farm Mut. Auto. Ins. Co.*, 2016 WL 7384183 (W.D. Pa. 2016), the Court granted the partial motion to dismiss the bad faith claim on the grounds that "[p]laintiff's generic invocation of statutory language is insufficient to satisfy his federal pleading burden." *Id.* at *3. Moreover, the Court concluded that Plaintiff had failed to state a plausible basis for recovery under the statute because "[a]bsent from the complaint in this case [were] any facts that describe who, what, where, when, and how the alleged bad faith conduct occurred." *Id.* at *4 (internal quotation marks omitted). It is Geico's contention that the instant matter is analogous to *Mondron* and other cases where a complaint did not set forth an adequate factual basis for a bad faith claim. *See* Geico's Br. (ECF No. 5) at 3-4.

In Plaintiffs' breach of contract claim, they aver that

> [o]n November 1, 2019, [they] provided to [Geico], and the adjustor handling for the [Plaintiffs'] UM claims, a Demand Package which included all relevant medical documentation that Plaintiffs received as a result of the at-issue motor vehicle accident. Specifically, [Geico] was provided Plaintiffs' records from the following physicians and medical facilities: MedExpress; UPMC Presbyterian/Dr. Robert Kaufman; UPMC East; UPMC Physical Medicine & Rehabilitation/Dr. Christopher Standaert; CRS Monroeville; Monroeville Imaging; UPMC

6

Department of Neurological Surgery/Dr. David O. Oknokwo; Laurie Graham/Counselor; and Nosratollah Danai Family Practice.

Compl. (ECF No. 1-1) at ¶ 24.

Plaintiffs go on to aver that after receiving all of this information, Geico's settlement offer was a total of $23,000. *Id.* at ¶ 26. Then, on December 19, 2019, Plaintiffs sent Geico documentation regarding Plaintiff Dawn Taylor's wage loss claim of $17,812. *Id.* at ¶ 27. The following day, Geico added $3,000 to its offer. *Id.* at ¶ 28. Then, according to Plaintiffs, on February 4, 2020, Geico informed Plaintiffs that it "would not even evaluate" the wage loss claim. *Id.* at ¶ 29. Plaintiffs set forth their bad faith count by incorporating the aforementioned breach of contract allegations, *see id.* at ¶ 33, and then stating a laundry list of generic allegations that may amount to bad faith, *see id.* at ¶ 34(a-s).

In considering whether Plaintiffs have adequately pleaded specific facts in support of their bad faith claim, this Court points out that Plaintiffs have not attached any exhibits to either the complaint or the response to the motion to dismiss. Plaintiffs do assert any facts to explain how or why the offer made by Geico is nothing more than a legitimate dispute over the value of the claim. *See McDonough v. State Farm Fire & Cas. Co.*, 365 F. Supp. 3d 552, 558 (E.D. Pa. 2019) ("That there was a disagreement over the settlement amount is not unusual."). A dispute over value does not necessarily give rise to bad faith; rather, a plaintiff must allege "factual content indicating that [the insurance company] lacked a reasonable basis for its tendered offer or that it knew or recklessly disregarded a lack of reasonable basis for the offer." *Id.* at 557. Based on the foregoing, this court concludes that Plaintiffs have not adequately pleaded a bad faith claim, and Geico's motion to dismiss Plaintiffs' bad faith claim is granted.

As set forth in Federal Rule of Civil Procedure 15(a), leave to amend generally must be granted unless the amendment would not cure the deficiency. Accordingly, the Complaint is

7

dismissed at Count II without prejudice, and Plaintiffs are permitted to file an Amended Complaint with respect to Count II within 20 days from the date of this opinion.

IV. **CONCLUSION**

Based on the foregoing, Geico's motion to dismiss is granted, and Plaintiffs are granted leave to file an Amended Complaint as to Count II. An appropriate Order follows.

Dated: August 4, 2020 .  BY THE COURT:

s/ Cynthia Reed Eddy

Chief United States Magistrate Judge

cc:  Counsel of record
   *via electronic filing*